**NOT FOR PUBLICATION**
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| MARY HOLDER AGENCY, INC., | Case No.: 11-34280 (MBK) |
| | Adversary No.:  12-1423 |
| Debtor. | |

----------------------------------------------------------X

APPEARANCES:

David Fornal, Esq.
Kimberly Pelkey Sdeo, Esq.
Maselli Warren, P.C.
600 Alexander Road
Suite 3-4A
Princeton, NJ 08540
Attorney for Plaintiff, JP Morgan Chase Bank, N.A.

Andrea Dobin, Esq.
Graig P. Corveleyn, Esq.
Sterns & Weinroth, A.P.C.
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, NJ 08607
Attorney for Andrea Dobin, Esq., Chapter 7 Trustee

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

**I.    INTRODUCTION**

This matter is before the Court by way of a Motion for Summary Judgment ("Motion") filed on behalf of JP Morgan Chase Bank, N.A. ("Chase").  Through the Motion, Chase seeks entry of a judgment establishing its security interest in the amount of $65,076.07 in Mary Holder Agency, Inc.'s ("Debtor") collateral, including accounts and proceeds.  The Chapter 7 Trustee

("Trustee") opposes Chase's Motion and has filed a Cross Motion for Summary Judgment ("Cross Motion") seeking summary judgment in her favor and seeking an Order establishing that the funds at issue in Chase's Motion are property of the bankruptcy estate and, thus, not subject to Chase's lien. A hearing on the Motion was held on November 19, 2012. For the reasons set forth below, Chase's Motion is DENIED and Debtor's Cross Motion is DENIED.

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The following constitutes the Court's finding of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## II.    FACTS/PROCEDURAL HISTORY

The Debtor, a residential real estate agency, entered into a loan and security agreement with the Bank of New York to borrow $50,000.00. The Debtor's sole shareholder, Mary Holder ("Holder") executed a personal guarantee of the loan. As collateral, the Debtor granted the Bank of New York a security interest in, among other things,

> "goods, money, instruments, accounts, farm products, inventory, equipment, documents, chattel paper, investment property (other than margin stock) and general intangibles, and all interest, dividends and other distributions thereon paid and payable in cash or property, and all replacements and substitutions for, all accessions and additions to, and all products and Proceeds of, all of the foregoing (all of which are referred to as the "Collateral")."

*Business Creditlink Agreement*, Docket Entry No. 12-4 at *10. Chase subsequently acquired this loan from the Bank of New York.

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

On August 15, 2011, the Debtor filed for relief pursuant to Chapter 11 of the Bankruptcy Code. On December 8, 2011, the case was converted to a Chapter 7 bankruptcy and Andrea Dobin, Esq. was appointed as the Chapter 7 Trustee ("Trustee"). The first meeting of creditors was held on January 23, 2012. On February 1, 2012, Chase filed its Proof of Claim and evidenced the amount due to Chase on the date of the petition as $65,076.07. Chase then filed the current adversary proceeding on May 2, 2012 seeking a determination as to the extent and validity of its lien. Chase now brings this Motion seeking an Order establishing that any and all funds in the Debtor's bank accounts on the day of conversion are proceeds of the Debtor's real estate listing agreements and, as such, are subject to the security interest of Chase. The Trustee asserts that Chase has failed to submit evidence to support its position; specifically, that Chase has failed to trace the proceeds of the collateral; that Chase has failed to establish that it obtained a replacement lien; and that Chase's interest is not perfected as to the Debtor's deposit accounts. The Trustee also questions the credibility of the Certification which serves as the basis for Chase's Motion. The Trustee seeks an Order granting summary judgment in her favor. For the reasons set forth below, Chase's Motion for Summary Judgment is DENIED and the Trustee's Cross Motion for Summary Judgment is DENIED.

### III.    TRACING

The Trustee submits that Chase has not established that it is entitled to the funds in the Debtor's bank accounts. The Trustee asserts that Chase carries the burden of tracing the proceeds of collateral and that Chase has failed to satisfy that burden. The Court disagrees with the Trustee's allocation of the respective burdens. The Trustee cites to N.J.S.A. 12A:9-315 which addresses a secured party's rights on disposition of collateral and in proceeds. The statute provides for a continuation of security interest and states, in relevant part:

3

(1) A security interest or agricultural lien continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest or agricultural lien; and

(2) A security interest attaches to any identifiable proceeds of collateral.

N.J.S.A. 12A:9-315(a). A subsequent section of the statute contemplates how proceeds which have been commingled may be identifiable if they are goods or if a secured party can identify the proceeds by a method of tracing. *See* N.J.S.A. 12A:9-315(b).

In the case at bar, there has been no assertion that the funds in the Debtor's account have been commingled. Rather, Chase submits the Certification of the Debtor's principal which indicates that the funds in the Debtor's account are derived solely from commissions and, as such, are identifiable proceeds of collateral covered under N.J.S.A. 12A:9-315(a)(2). The Trustee has not provided evidence to contradict Chase's contention that the funds are the proceeds of collateral, and, as stated above, the Trustee makes no claim that the funds are commingled. A plain reading of the language of the statute, and a common sense interpretation of same, indicates that tracing is only required if commingling has occurred. Therefore, under the circumstances of this case, there is no need for an analysis as to the identifiability of commingled proceeds via a method of tracing under N.J.S.A. 12A:9-315(b). *In re Quaker Distributors, Inc.* 189 B.R. 63 (Bankr.E.D.Pa. 1995)(finding that testimony of the debtor's president was sufficient to show that funds in the account at issue were not commingled and, thus, there was no need to reach the issue of whether the creditor could have lost its security interest). The Court's discussion regarding tracing could conclude here. Nevertheless, the Court will address the remainder of the Trustee's argument regarding Chase's alleged tracing obligation.

Despite the absence of commingling, the Trustee submits that Chase has an affirmative burden to trace the proceeds. The Trustee makes this assertion without providing any statutory support and without citing to any binding case law which indicates that such a burden exists.

The Court's own research did not reveal any authority which places an affirmative burden on a creditor to trace funds that have not been commingled. To the contrary, there is significant case law in this jurisdiction which establishes that *if* commingling occurs, then the burden to trace the proceeds of collateral is triggered. *In re KI Liquidation, Inc.* 2008 WL 5109369, 5 (D.N.J. December 1, 2008) ("A plaintiff claiming trust benefits must identify and trace the alleged trust funds *if* they are commingled.") (emphasis added) (citing *Goldberg v. N.J. Lawyers' Fund for Client Protection,* 932 F.2d 273, 280 (3d Cir. 1991)); s*ee also In re Magna Entertainment Corp.,* 438 B.R. 380, 395 (Bankr.D.Del. 2010); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95-96 (3d Cir. 1994); *Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1063 (3d Cir.1993). In addition, the cases from the Ninth Circuit which are relied by the Trustee seem to support the proposition that commingling triggers the tracing requirement. *In re Skagit Pacific Corp*., 316 B.R. 330, 338 (9th Cir. BAP 2004) ("Section 315(b) provides that *when* proceeds are commingled with other property, they are identifiable only [] if […] Thus, ***once a debtor deposits cash proceeds into an account and commingles it with other money***, the identifiability of a secured creditor's proceeds is destroyed unless the secured creditor can prove the money currently in the debtor's account corresponds to its collateral.")(emphasis added). As discussed above, there has been no evidence, by means of affidavit or otherwise, which suggests that the Debtor's accounts are commingled; therefore, no genuine issue of fact appears of record as to the need for tracing.

      Finally, the Court notes that the Trustee relies upon *Stoumbos v. Kilimnik*, a case in which the court imposed a burden upon a creditor to establish that funds in a deposit account came solely from the proceeds of collateral on the creditor's loan. *Stoumbos v. Kilimnik,* 988 F.2d 949

(9th Cir. 1993). The court in *Stoumbos* also held that the creditor's testimony, alone, was insufficient to satisfy that burden. *Id.* at 957-958. The Trustee in this case relies on *Stoumbos* in support of her contention that Chase has not met its burden of proof because the only evidence submitted by Chase is the Certification of the Debtor's principal. A careful review of the *Stoumbos* case, however, reveals that it is factually distinguishable from the case at bar. In *Stoumbos*, the creditor had already received funds from the debtor's deposit account and was attempting to defeat the trustee's claim of preference. Thus, the burden had shifted to the creditor in order to defeat the presumption against him. *Id.* at 958. We are not faced with a similar situation in the case presently before the Court. Accordingly, this Court does not find the holding in *Stoumbos* persuasive or applicable to the facts at hand. Further, case law within the Third Circuit suggests that the testimony of a principal, alone, is sufficient to establish that funds have not been commingled. *See In re Quaker Distributors, Inc.* 189 B.R. 63; *In re Summit Airlines, Inc.*, 94 B.R. 367, 372 (Bankr.E.D.Pa. 1988) (holding that testimony of the principal is enough under "reasonable assumptions" rule); *E & S Comfort, Inc., Baehr v. International Revenue Service Center*, 92 B.R. 616, 621 (Bankr.E.D.Pa.1988). Therefore, given the testimony in support of Chase's position that the funds in question are derived solely from proceeds, together with the absence of any facts to the contrary evidencing a commingling of funds, Chase is not required at this juncture to trace the proceeds of its collateral.

    IV.    **REPLACEMENT LIEN**

The Trustee next argues that Chase has not established that its lien extends beyond the Petition Date. This argument is moot as 11 U.S.C. §522(b)(1) provides that a security agreement which attaches "property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, or profits of such property, then such security interest extends to

such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case." 11 U.S.C. §522(b)(1).

V.     PERFECTION IN THE DEBTOR'S DEPOSIT ACCOUNTS

The Trustee also contends that Chase has attempted to allege a security interest in the Debtor's deposit accounts. *Trustee's Memorandum of Law in Opposition to the Motion*, Docket Entry No. 15-4, *10.  The Trustee submits that Chase's collateral does not include deposit accounts and that Chase has not had the requisite control to perfect its interest in the deposit accounts.  *See* N.J.S.A. 12A:9-314(b); N.J.S.A. 12A:9-104.  The Court declines to address this argument because, as discussed at length above, the controlling issue in this case is whether Chase's security interest attaches to the funds in the Debtor's account as proceeds of the real estate listing agreements in which Chase asserts a security interest.

VI.    STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary judgment is appropriate where " the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and  the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).[2]   As the Supreme Court has indicated, "Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In deciding a motion for summary judgment, the judge's function is to

---

[2] "Federal Rule of Civil Procedure 56 was amended as of December 1, 2010.  Subdivision (a) now contains the summary judgment standard previously stated in subdivision (c). Fed. R. Civ. P. 56 Advisory Committee's Note to 2010 Amendments ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word - genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination."."  *In re Semcrude, L.P.,* 2011 Bankr. LEXIS 2377 (Bankr. D. Del. June 20, 2011); *In re Barnhart*, 447 B.R. 551, 554 (Bankr. S.D. Ohio 2011).

determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir.1993).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Huang v. BP Amoco Corp.,* 271 F.3d 560, 564 (3d Cir.2001) (*citing Celotex Corp., supra*, 477 U.S. at 323). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Issues of material fact are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. An issue is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party establishes the absence of a genuine issue of material fact, however, the burden shifts to the non-moving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. 1347 (citations omitted). A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). *See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir.1982); *Olympic Junior, Inc. v. David*

*Crystal, Inc.*, 463 F.2d 1141, 1146 (3d Cir.1972). If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc., supra*, 477 U.S. at 249-250. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

### A. CREDIBILITY OF DEBTOR'S PRINCIPAL

Chase relies solely on the certification of the Debtor's principal, Holder, in support of its Motion. Holder certifies that the funds in the Debtor's accounts at the time of the filing of the bankruptcy were from commissions earned prior to the time of filing the petition, and that all of the funds deposited post-petition were also for commissions earned. *Certification of Mary Holder*, Docket Entry No. 12-1 at *2. As noted earlier, the testimony of a principal would ordinarily be enough to establish that the funds in the accounts are derived solely from proceeds of collateral. *In re Quaker Distributors, Inc.* 189 B.R. 63. Thus, at first glance it appears that summary judgment should be granted based on the information before the Court. However, the Trustee calls into question Holder's credibility. Specifically, the Trustee submits that Holder's testimony lacks credibility because it is entirely self-serving given that Chase's success on this Motion would permit recovery out of the Debtor's estate, thus providing Holder with debt relief under her own bankruptcy Plan. *Trustee's Memorandum in Opposition*, Docket Entry No. 15-4, *6. The Court must now address whether the Trustee has set forth specific facts which would put Holder's credibility in issue so as to preclude summary judgment. *Healy v. New York Life Ins. Co.,* 860 F.2d 1209 (1988)(citing *C. Wright, A. Miller & M. Kane, 10A Federal Practice and Procedure* § 2726, at 118-19 (1983) ("[T]he general rule is that specific facts must be produced in order to put credibility in issue so as to preclude summary judgment.")); *Catanzaro v. Weiden*,

140 F.3d 91, 93 (2d Cir.1998) ("[C]ourts may not make credibility determinations or weigh the evidence when confronted with a motion for summary judgment.").

It is undisputed that Chase's success in this Motion would benefit Holder in her own bankruptcy. She has personally guaranteed the loan at issue. If Chase were able to recover on its claim elsewhere, Holder would be relieved of all or part of her financial obligation. Thus, Holder's statements in her Certification are self-serving. The fact that her statements are self-serving, in itself, does not necessarily preclude a finding of summary judgment. *DiFlorio v. Kleckner*, 2012 WL 748910, 10 (E.D.Pa. March 7, 2012); *See Velazquez–Garcia v. Horizon Lines of P.R., Inc.*, 473 F.3d 11, 18 (1st Cir. 2007) ("[A] a party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment.") (citations and quotations omitted). Conversely, a court is not required to accept self-serving testimony, even if uncontradicted, if it finds the testimony improbable, unreasonable or questionable. *In re Bryen*, 433 B.R. 503, 521 (Bkrtcy.E.D.Pa. 2010); *See In re Gardner,* 360 F.3d 551, 561 (6th Cir.2004) (citing *Lovell and Hart, Inc. v. Commissioner,* 456 F.2d 145, 148 (6th Cir. 1972)). This Court has previously ruled that "self-serving affidavits, without factual support in the record, will not serve to defeat a motion for summary judgment." *In re Foster*, 2012 WL 764426, 15 (Bankr.D.N.J. 2012)[3]. Therefore, it stands to reason that, once credibility has been

---

[3] *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (2001) ( "Under our precedent, these conclusory statements, unsupported by the evidence of record, are insufficient to avoid summary judgment. We repeatedly have held that '[s]elf-serving affidavits without factual support in the record will not defeat a motion for summary judgment.' "); s*ee also, Unterreiner v. Volkswagen of Am.*, 8 F.3d 1206, 1210 (7th Cir.Ill.1993) ("The statements are not sufficiently probative. *see, Slowiak v. Land O'Lakes*, Inc., 987 F.2d 1293, 1295 (7th Cir.1993) ( "self-serving affidavits without factual support in the record will not defeat a motion for summary judgment.")); *see also, United States v. Spaulding Composites Co.*, 1997 U.S. Dist. LEXIS 24095, 6–8 (D.N.J. Jan. 22, 1997) ("Since a motion for summary judgment is designed to go beyond the pleadings, factual specificity is required of a party who opposes such a motion ... a party cannot rely upon self-serving conclusions, unsupported by specific facts in the record ... [a] non-moving party must point to concrete evidence in the record which supports each essential element of his case. If the party fails to provide such evidence, then he is not entitled to a trial and the moving-party is entitled to summary judgment as a matter of law") (*citing Celotex*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986))).

called into question, self-serving affidavits, without more, may not serve to support a motion for summary judgment.

As discussed earlier, in isolation, a certification from a debtor's principal ordinarily could suffice to support a finding of summary judgment in the creditor's favor. *In re Quaker Distributors, Inc.* 189 B.R. 63. However, in light of the Trustee's allegations, this Court must evaluate Holder's certification in the factual context of the case. *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. Given the economic benefit to Holder should Chase succeed on its claim against the Trustee, Holder has a clear and rational motive to certify that the funds in the Debtor's accounts are derived solely from commissions. This motive calls into question the credibility of her testimony. As stated above, it is well established that credibility determinations are not appropriately dealt with at the summary judgment stage. *Catanzaro v. Weiden*, 140 F.3d 93. The Court stresses that it is not now making a determination regarding the veracity of Holder's statements in her Certification. Rather, the Court is ruling simply that, given the specific factual context of this case, the self-serving testimony, alone, is insufficient to support a summary judgment ruling in Chase's favor. The Court would like the opportunity to hear live testimony from Holder in order to make an appropriate credibility determination. *Dill v. Meyers,* 2011 WL 1045340, 7 (Bkrtcy.D.N.J. 2011) (the disputed falsity of the statements weighed against granting summary judgment); *In re Butler,* 86 B.R. 829, 831 (Bankr.E.D.Pa. 1988) (live testimony from the most significant party involved was necessary to make a credibility determination). At a minimum, Holder's statements should be tested through continuing discovery.

### VII. CONCLUSION

Chase does not have an affirmative burden to trace the proceeds of collateral in the absence of commingling. Accordingly, the Court denies the Trustee's Cross Motion for

Summary Judgment.  However, the Trustee has presented specific facts regarding the economic benefit to Holder as a result of her statements.  Given that there may be a rational motive behind Holder's self-serving statements, there exists a genuine issue regarding the credibility of the Certification, which serves as the sole basis for Chase's Motion.  Therefore, a summary judgment ruling is not appropriate at this stage.  Accordingly, the Court denies Chase's Motion.  The Court will enter the appropriate Order.


Dated: December 3, 2012

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge